◼ NICOLE FORTUNATO, an Infant, by Her Mother and Natural Guardian, LORRI FORTUNATO, et al., Appellants, v DOVER UNION FREE SCHOOL DISTRICT, Respondent. [638 NYS2d 727] —In an action to recover damages for personal injuries, etc., in which the jury found that the injured plaintiff and the defendant were each 50% at fault in the happening of the accident, the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Beisner, J.), entered September 26, 1994, which denied their motion pursuant to CPLR 4404 to set aside the jury verdict, and (2) on the ground of inadequacy, from a judgment of the same court, entered December 1, 1994, which, upon the jury verdict, is in favor of the plaintiffs and against the defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

At a playground that was maintained and controlled by the defendant, the plaintiff Nicole Fortunato, a seven-year-old girl, was injured when her right foot became caught in a merry-go-round resulting in a severe fracture to her right ankle.

The plaintiffs contend that the court improperly precluded their expert from testifying to the existence of a defective condition resulting from disassembled and discarded playground equipment. However, it is well established that, unless the jurors are unable or incompetent to evaluate the evidence and draw inferences and conclusions, the opinions of experts, which intrude on the province of the jury, are both unnecessary and improper *(see, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140; *Ferguson v Hubbell,* 97 NY 507, 513-514). Accordingly, whether expert testimony is admissible on a particular

point is a mixed question of law and fact, addressed primarily to the discretion of the trial court, and such expert testimony will generally be permitted to offer an opinion on an issue which involves professional or scientific knowledge or skill that is not within the range of ordinary training or intelligence *(see, Selkowitz v County of Nassau,* 45 NY2d 97; *Dougherty v Milliken,* 163 NY 527, 533).

Here, given the testimony already provided by the witnesses regarding the condition of the playground and the supervision of the children, expert testimony regarding the lack of proper supervision of the children in the playground or thorough inspection of the area did not require professional or scientific knowledge or skill that was outside the range of ordinary training or intelligence.

Furthermore, based upon the jury's apparent disbelief of the permanence of the infant plaintiff's injuries, the award of damages did not materially deviate from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Figliomeni v Board of Educ.,* 38 NY2d 178, 185).

Finally, the plaintiffs' contention regarding the jury charge is without merit. Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.