■ DENIS M. HERAUD, Appellant, v SCOTT S. WEISSMAN, M.D., et al., Respondents. [714 NYS2d 476] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered August 23, 1999, which, upon trial dismissal of plaintiff's complaint against defendant Fradin and a jury verdict in favor of defendant Weissman, granted judgment in defendants' favor and dismissed the complaint, and bringing up for review an order, same court and Justice, entered on or about July 13, 1999, which denied plaintiff's post-trial motion, *inter alia*, to set aside the jury verdict, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The trial dismissal of plaintiff's abandonment complaint against defendant Dr. Fradin was proper since plaintiff failed to prove that he had been Dr. Fradin's patient, and proof of a physician-patient relationship is essential to a prima facie case of abandonment (*see, Dillon v Silver*, 134 AD2d 159, 162). Although Dr. Fradin conducted an initial consultation in which he confirmed that plaintiff required immediate retinal surgery, there was no evidence that Dr. Fradin had agreed to undertake plaintiff's surgical care.

The conflicting expert medical testimony presented as to the pivotal issue at trial, i.e., whether plaintiff sustained a retinal detachment prior to his last visit to Dr. Weissman in late February 1993, raised credibility issues properly left to the jury, whose verdict is supported by a fair interpretation of the evidence (*Lichtenstein v Bauer*, 203 AD2d 89). The jury was free to reject the opinion of Dr. Kraushar, plaintiff's expert, that Dr. Weissman failed to perform an adequate medical examination to timely diagnose the presence of a retinal tear, particularly in light of the contrary expert evidence offered by defendants that the detachment did not occur until on or about March 5, 1993, when plaintiff experienced dramatic symptoms classically associated with retinal detachment.

Plaintiff's post-trial motion to set aside the verdict and for a mistrial was properly denied. The court properly rejected plaintiff's argument that its preclusion of plaintiff's handwriting expert from testifying regarding alterations to Dr. Weissman's medical records deprived plaintiff of a fair trial. It was within the trial court's sound discretion to exclude "expert" testimony that was of questionable probative value and likely to involve distracting collateral issues (*see, Fortunato v Dover Union Free School Dist.*, 224 AD2d 658). Plaintiff's argument, first raised in his post-trial motion, that the court failed to conduct an adequate inquiry to determine whether the jury was improperly influenced by a written copy of defendant's contentions inadvertently included with the exhibits that went into the jury room, is unpreserved and, in any case, without merit. The court properly exercised its discretion in denying a mistrial, having determined after it asked the jury twice whether any juror had read the contentions, that they had been read by only one juror and that that juror had not read them until after completion of the jury's deliberations (*see, Taylor v Port Auth.*, 202 AD2d 414).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.