■ VINCENT WHITE et al., Appellants, v SHANTI MHATRE et al., Defendants, and THOMAS CHASE et al., Respondents. [724

NYS2d 655] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Spano, J.), dated September 14, 1999, as, upon a jury verdict, is in favor of the defendants Thomas Chase and Dolen Corporation and against them.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted against the defendants Thomas Chase and Dolen Corporation, with costs to abide the event.

It is well established that unless the jurors are unable or incompetent to evaluate the evidence and draw inferences and conclusions, the opinion of an expert, which intrudes on the province of the jury, is both unnecessary and improper (*see, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140; *Fortunato v Dover Union Free School Dist.,* 224 AD2d 658). Expert testimony is proper only when it would help to clarify an issue calling for professional or technical knowledge possessed by the expert and beyond the ken of the typical juror (*see, De Long v County of Erie,* 60 NY2d 296, 307; *Selkowitz v County of Nassau,* 45 NY2d 97). In this case, the expert's testimony involved matters within the ordinary knowledge of the jurors and, therefore, was improperly admitted.

In view of our determination, it is unnecessary to reach the plaintiffs' remaining contentions. Santucci, J. P., Altman, Florio and Luciano, JJ., concur.