■ MARGARET GLICKMAN et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [746 NYS2d 24]

Plaintiff allegedly tripped and fell in a parking lot and onto an adjacent sidewalk as she prepared to enter her car. She claimed that she had tripped in a shallow depression, or a "dip," which constituted a trap. Her expert concluded that the location of the dip, where a person leaving a busy parking area might be focused more on traffic rather than looking at the ground, might have increased the hazard, especially if the dip was hard to see. Finding that the submitted evidence demonstrated that the defect, if any, was only trivial, the motion court dismissed the action. However, we find factual issues regarding whether the dip, even if trivial, presented a hazard due to factors which made it difficult to detect (*Tesak v Marine Midland Bank*, 254 AD2d 717). As we have stated elsewhere, "even a trivial defect may constitute a snare or trap * * *. While a gradual, shallow depression is generally regarded as trivial * * * the presence of an edge which poses a tripping hazard renders the defect nontrivial * * *. Furthermore, factors which make the defect difficult to detect present a situation in which an assessment of the hazard in view of 'the peculiar facts and circumstances' is appropriate * * *" (*Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166). Trial is warranted on this issue. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.