■ CINDY ADAMS, Individually and as Executrix of JOEY ADAMS, Deceased, Respondent, v HILTON HOTELS, INC., et al., Appellants. (And a Third-Party Action.) [772 NYS2d 64]—

Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about May 19, 2003, which denied defendants' motion and cross motions for summary judgment dismissing the complaint, and granted plaintiff's cross motion for leave to amend the complaint, unanimously modified, on the facts and in the exercise of discretion, to vacate the note of issue and certificate of readiness and to reopen disclosure, and otherwise affirmed, without costs, and the matter remanded for reassignment to another justice.

The decedent, then 87 years old, while walking along a narrow passageway between the rear edge of an elevated dais and a tier of tables, fell over the edge of the dais and five feet down to the floor. A triable issue of fact exists as to whether the alleged

absence of a guardrail or other protective device at the edge of the dais created an unreasonably dangerous condition that contributed to the decedent's injuries. The fact that the five-foot drop was readily observable does not entitle defendants to judgment as a matter of law (*see Cohen v Shopwell, Inc.*, 309 AD2d 560, 561-562 [2003], and cases there cited). Although the motion court properly exercised its discretion in granting plaintiff's cross motion to amend the complaint, defendants' request for additional disclosure should have been granted in view of the change of plaintiff's theory of liability (*see* CPLR 3025 [b], [c]). We therefore modify the motion court's order as indicated. Finally, based on our review of the record, we deem it advisable to direct that the matter be assigned to a new justice upon remand. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.