■ CINDY ADAMS, Individually and as Executrix of JOEY ADAMS, Deceased, Respondent, v HILTON HOTELS, INC., Defendant,

THE FRIARS CLUB, Respondent, and COMEDY CENTRAL, INC., et al., Appellants. HILTON HOTELS CORP., Third-Party Plaintiff-Respondent, v RICKMILL PRODUCTIONS, INC., Third-Party Defendant-Appellant. [787 NYS2d 238]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 1, 2003, which denied appellants' cross motion to compel production of documents pursuant to a subpoena duces tecum, to preclude testimony of plaintiff's expert at trial, and for summary judgment on plaintiff's amended pleadings, unanimously modified, on the law, to grant summary judgment dismissing the complaint as against defendants Comedy Central, Inc. and Comedy Partners, and, on the law and the facts, to provide that the denial of appellants' motion to preclude testimony of plaintiff's expert witness is without prejudice to renewal at the time of trial, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Comedy Central, Inc. and Comedy Partners dismissing the complaint as against them.

Plaintiff's decedent, Joey Adams, was injured as he was attempting to leave the dais of a Friars' Club Roast in the ballroom of the New York Hilton. The dais was raised five feet from the floor and Mr. Adams fell as he proceeded towards the rear of the platform. There were no guardrails, and the edge of the dais was not marked with a contrasting color. After falling to the ballroom floor, Mr. Adams rolled into an opening beneath the platform which contained pipes, conduits and hydraulic machinery. He could not extricate himself and suffered various injuries. Plaintiff alleges that as a result of those injuries, Mr. Adams died 14 months later.

Plaintiff brought this action for personal injuries and wrongful death against Hilton Hotels, Inc., The Friars Club, Comedy Central, Inc. and Rickmill Productions, Inc. Defendant-appellant Comedy Partners, doing business as Comedy Central, Inc. (Comedy Central) was recording the event for a future television broadcast. It had entered into a production contract with

defendant-appellant Rickmill Productions, Inc. (Rickmill) by which Rickmill was to control all physical aspects of the production, including set design, placement of cameras, sound equipment and lighting. The contract between Comedy Central and Rickmill provided: "Producer [Rickmill] and Company [Comedy Central] are independent contractors with respect to each other. Nothing in the agreement shall create any association, partnership, joint venture, or agency relationship between them."

On a prior appeal before this Court, decided after the instant order appealed from was entered, we modified an earlier order of the IAS court. That order had denied all of the defendants' motions and cross motions for summary judgment, and had granted plaintiff's cross motion for leave to amend the complaint. Our order also vacated the note of issue and certificate of readiness, reopened disclosure, and remanded the matter (4 AD3d 232 [2004]). In the amended complaint, plaintiff alleged that the absence of a guardrail or other protective or warning devices at the edge of the dais were the proximate cause of injuries which precipitated Mr. Adams's death.

On this appeal, defendant Comedy Central and third-party defendant Rickmill appeal from an order of the IAS court, which, inter alia, denied defendant Comedy Central's motion for summary judgment, denied their cross motion to compel production of documents pursuant to a subpoena duces tecum, and precluded the testimony of plaintiff's expert at trial. We modify to grant summary judgment as to defendant Comedy Central, and to deny appellants' motion to preclude testimony of plaintiff's expert, without prejudice to renewal at the time of trial.

It is settled that ordinarily "a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 . . .)" (*Saini v Tonju Assoc.*, 299 AD2d 244, 245 [2002]). There are exceptions to this rule. A principal can be held vicariously liable for the acts of an independent contractor if "[it] is negligent in selecting, instructing or supervising the independent contractor; where the independent contractor is hired to do work which is 'inherently dangerous'; and where the [principal] bears a specific, nondelegable duty" (*Saini*, 299 AD2d at 245). None of these exceptions is applicable to this case. Defendant Rickmill was responsible for all of the physical aspects of the event, including the design and construction of the stage, and all of plaintiff's allegations of negligence concern matters within the

scope of Rickmill's duties. Accordingly, the complaint as against defendant Comedy Central must be dismissed.

However, it was not an improvident exercise of the IAS court's discretion to decline to preclude the testimony of plaintiff's engineer (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]) based upon the record now before the court. Expert testimony is justified where resolution of the issues involved requires professional or scientific knowledge or skill beyond the range of the ordinary person's training or intelligence (*see Fortunato v Dover Union Free School Dist.*, 224 AD2d 658, 659 [1996]; *and see Glickman v City of New York*, 297 AD2d 220 [2002]). Here, the testimony of the witness, who has experience in the field of safety engineering and accident reconstruction, could arguably assist a jury in determining whether a hazardous condition was posed by the construction of the dais, and whether the hazard was compounded by the placement of the dais above a depressed area containing mechanical equipment (*see Glickman, supra* [expert explained how the location of an otherwise trivial defect presented a hazard due to factors which made it difficult to detect]). Accordingly, the appellants' motion to preclude the expert's testimony is denied without prejudice to renewal at trial, at which time the trial court may reassess the usefulness of the expert testimony based upon the evidence then before it. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.