■ ROSLYN CURRY, Appellant, v HUNDREDS OF HATS, INC., et al., Respondents, et al., Defendants. [49 NYS3d 7]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered September 18, 2014, which granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied as premature.

Plaintiff, an experienced background actress, seeks damages in connection with injuries sustained when she was struck by an ATVC camera truck during the filming of the movie, "The Adjustment Bureau." Plaintiff sues George Nolfi, the director and producer of the movie, as well as various companies, including Hundreds of Hats, Inc., Gambit Productions, Inc. and Electric Shepherd Productions, that allegedly had a role in the production of the movie. At this incipient stage of discovery in this action, however, defendants' respective roles, if any, in the production of the movie are unclear.

Nevertheless, defendant Hundreds of Hats, Inc. moved for summary judgment dismissing the claims asserted against it on the ground that it was plaintiff's employer during the relevant time period and thus protected from liability under the Worker's Compensation Law. Defendant Nolfi also moved for summary judgment dismissing the claims asserted against him citing the Worker's Compensation Law. Nolfi argues that pursuant to some agreement, not identified or produced, Gambit Productions, Inc. "loaned" his services to Hundred of Hats, Inc. for the production of the movie and that as an employee of Hundred of Hats he is shielded from liability as plaintiff's co-employee.

Gambit Productions, Inc. and Electric Shepherd Productions moved for summary judgment dismissing the claims against them on the ground that neither corporation had any connection to the production of the movie. However, this Court takes judicial notice of materials provided by plaintiff, which are not part of the record on appeal, concerning a California copyright infringement action, in which both companies appear to have acknowledged a connection to the movie, albeit the true nature

and extent of their involvement with the movie is unclear (*see Long v State of New York*, 7 NY3d 269 [2006] [Court takes judicial notice of records of other proceedings]). Supreme Court granted defendants summary judgment dismissing the complaint against them. We now reverse.

We agree with plaintiff that the motion should have been denied as premature. Plaintiff is entitled to complete discovery in her effort to establish the precise relationships among the various entities and their relationships to Nolfi. Significantly, this information is solely within the control of defendants. Yet, not only have defendants not been produced for court-ordered depositions, but they have also failed to produce many of the relevant written agreements. "Where essential facts to justify opposition to a motion for summary judgment might exist, but cannot be stated because they are in the moving party's exclusive knowledge or control, summary judgment must be denied (CPLR 3212 [f])" (*Ciaffaglione v Rabiner*, 202 AD2d 373, 373 [1st Dept 1994]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

---

Motion to take judicial notice of certain documents granted to the extent of taking judicial notice of complaint in *Coelho v MRC II Distrib. Co., L.P.* (2011 WL 5103069 [CD Cal, Oct. 27, 2011, No. CV 11-8913-ODW(JCGX)]) and of corporate filings submitted by Hundreds of Hats to the Delaware Secretary of State.