■ ANDREW FLORES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [48 NYS3d 44]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about January 26, 2016, insofar as appealed from as limited by the briefs, upon a jury verdict, awarding plaintiff damages in the aggregate amount of $1,032,532.65, and bringing up for review an order, same court and Justice, entered on or about August 7, 2015, which, insofar as appealed from as limited by the briefs, denied defendant's motion to set aside the verdict pursuant to CPLR 4404 (a), unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff tripped and fell over a wooden board used to cover the edge of the train platform at a subway station. On the day in question, plaintiff was walking across a crowded platform towards a standing subway train, when his right foot became

ensnared in a defect in the cover board, which he described as being 12 inches in width and which his foot became stuck underneath, thereby causing his left leg to become caught in the gap between the train and the platform.

The Court of Appeals has held that " 'there is no "minimal dimension test" or per se rule that a defect must be of a certain minimum height or depth in order to be actionable,' and therefore . . . [dismissal of the complaint] 'based exclusively on the dimension[s] of the . . . defect is unacceptable' " (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015], quoting *Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Factors considered in determining whether a defect is trivial as a matter of law include "the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere*, 90 NY2d at 978 [internal quotation marks omitted]).

Here, the verdict was supported by sufficient evidence because the alleged defect in the cover board on the subway platform was not trivial as a matter of law. Plaintiff's testimony describing the defective nature of the cover board, and photographs of this condition, showed that there was an edge to the board that posed a tripping hazard that ultimately ensnared plaintiff's right foot. Given the circumstances surrounding the accident, namely that plaintiff was attempting to traverse a crowded subway station during morning rush hour, it is evident that plaintiff's observation of the defect, and even the cover board itself, was highly unlikely (*see Glickman v City of New York*, 297 AD2d 220 [1st Dept 2002]; *Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [1st Dept 2000]; *compare Alonso v New York City Tr. Auth.*, 298 AD2d 311 [1st Dept 2002]). Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.