Odan Labs. Ltd. v Alkem Labs. Ltd. (2020 NY Slip Op 03196)





Odan Labs. Ltd. v Alkem Labs. Ltd.


2020 NY Slip Op 03196


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


653626/18 11617A 11617

[*1] Odan Laboratories Ltd., Plaintiff-Appellant,
v
Alkem Laboratories Limited, et al., Defendants-Respondents, Long Pharmaceuticals, LLC, Defendant.


The Law Offices of Steven Isser, New York (Steven D. Isser of counsel), for appellant.
Baker & Hostetler LLP, New York (John Siegal of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered April 17, 2019, dismissing the action as against defendants Alkem Laboratories Limited (Alkem) and Ascend Laboratories LLC (Ascend), pursuant to an order, same court and Justice, entered on or about March 26, 2019, which granted said defendants' motion to dismiss the complaint as against them, unanimously reversed, on the law, with costs, the judgment vacated, the motion denied, and the complaint reinstated as against them. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff Odan Laboratories (Odan) alleges that in February 2014, it entered into an agreement with defendant Long Pharmaceuticals, LLC (Long), requiring Long to produce a lidocaine ointment batch for submission to the Food and Drug Administration (FDA) for approval for public use and distribution. The 2014 supply agreement contained confidentiality provisions to protect Odan's claimed proprietary information. When Odan terminated the supply agreement with Long in June 2014 due to Long's alleged failure to timely produce the lidocaine ointment batch for FDA submission, Long, it is alleged, continued to be bound by the confidentiality terms of the supply agreement. The complaint alleges that defendant Alkem acquired Long's assets and assumed its liabilities in June 2015, thereby becoming bound by the confidentiality agreements of the supply agreement, and that Alkem obtained FDA approval for a lidocaine product substantially similar to Odan's product in March 2017, and sold it in the United States itself and/or through Ascend. Odan alleges that Alkem either breached the contractual confidentiality provision or tortiously interfered with Long's contract with Odan, and that both Alkem and Ascend misappropriated Odan's confidential, proprietary information and engaged in unfair trade practices.
Alkem and Ascend moved to dismiss based on documentary evidence consisting of agreements showing that Long's assets were acquired by nonparty S & B Pharma, Inc. in June 2015, and letters between the FDA and Alkem/Ascend, which show that they submitted Alkem's application for approval of a lidocaine product in June 2014, a year earlier, and made a nonsubstantive amendment in February 2015. These documents, submitted by way of an attorney affirmation, were not shown to be admissible or authentic (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019]; Advanced Global Tech., LLC v Sirius Satellite Radio, Inc., 44 AD3d 317, 318 [1st Dept 2007]). In any event, even considering the documents, they do not conclusively refute Odan's claims against Alkem and Ascend (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
As to the acquisition of Long, in opposition to the motion, Odan submitted documents, including a letter from Alkem's attorneys in response to Odan's cease and desist letter, which [*2]support Odan's allegation that it was Alkem that acquired Long's assets. Accordingly, prior to dismissal of its breach of contract claim against Alkem, Odan is entitled to discovery from Alkem to determine the full circumstances surrounding the transaction and whether Alkem subsequently or de facto acquired Long (see CPLR 3211[d]; Curry v Hundreds of Hats, Inc., 146 AD3d 593, 594 [1st Dept 2017]).
As for the FDA letters, they refute Odan's allegation, made on information and belief, that Alkem was not developing a lidocaine product before the June 2015 acquisition of Long. However, the two letters, standing alone, without Alkem's actual application to the FDA, are insufficient to conclusively refute Odan's allegations that Alkem/Ascend wrongfully obtained access to its particular proprietary information through Long, either during the due diligence process preceding the 2015 acquisition or thereafter. Nor do the two FDA letters, on their own, eliminate the possibility that Alkem made a substantive amendment to its FDA application at any time between June 2014 and March 2017 making use of such information.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK