| |
|---|
| **Carter v Bu Cui** |
| 2024 NY Slip Op 33867(U) |
| October 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158367/2022 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. RICHARD TSAI</u>                          PART            21

*Justice*

-------------------------------------------------------------------------X

SUZANNE CARTER,

Plaintiff,

- v -

BU CUI, CORPORATE TRANSPORTATION GROUP, LTD.,
NEW YORK CITY TRANSIT AUTHORITY, and
METROPOLITAN TRANSPORTATION AUTHORITY,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158367/2022 |
| MOTION DATE | 08/22/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1, 9, 13, 22-32, 35-42

were read on this motion to/for          <u>          JUDGMENT - SUMMARY          </u>.

Upon the foregoing documents, it is **ORDERED** that the motion to dismiss and for summary judgment by defendants New York City Transit Authority and Metropolitan Transportation Authority is **GRANTED IN PART TO THE EXTENT THAT** summary judgment is granted dismissing so much of the complaint that alleges negligence based on ownership of a motor vehicle in which plaintiff was a passenger, and the motion is otherwise denied; and it is further

**ORDERED** that the parties are directed to appear for an in-person preliminary conference on **February 20, 2025** at **11:30 a.m.**, in IAS Part 21, 80 Centre Street Room 280, New York, New York.

The complaint alleges that, on February 11, 2022, plaintiff was a passenger in a vehicle bearing NYS license plate number T796373C, allegedly owned and operated by defendant Bu Cui (*see* NYSCEF Doc. No. 1, complaint ¶¶ 19-21), which was involved in a motor vehicle collision with another vehicle at the intersection of Third Avenue and 84th Street in Manhattan (*id.* ¶¶ 84-85). According to the complaint, Cui was allegedly doing business as Access-A-Ride, which is a paratransit service allegedly operated by defendants New York City Transit Authority (NYCTA) and Metropolitan Transportation Authority (MTA) (collectively, the Transit Defendants) (*id.* ¶¶ 58-59).

Plaintiff contends that the collision occurred "by reason of the negligence of the defendants in the ownership, operation, maintenance, dispatch and control the aforementioned motor vehicle" (*id.* ¶ 87). Plaintiff contends that, under the Americans

**158367/2022   CARTER, SUZANNE vs. CUI, BU ET AL**                                    **Page 1 of 5**
**Motion No.  001**

1 of 5

with Disabilities Act of 1990 (ADA) and related regulations, the Transit Defendants allegedly owed plaintiff a nondelegable duty (*id.* ¶¶ 66-67).

Issue was joined as to the Transit Defendants on or about January 6, 2023 (*see* NYSCEF Doc. No. 13 [answer]).

Pursuant to CPLR 3211 and CPLR 3212, the Transit Defendants now move for an order dismissing the complaint and all cross claims as against them, on the ground that they were not the owners or operators of the vehicle bearing NYS license plate number T796373C, and that Bu Cui was not an employee or independent contractor of the Transit Defendants (*see* affirmation of Transit Defendants' counsel in support of motion ¶¶ 8-22). Plaintiff opposes the motion as premature and argues that the Transit Defendants did not establish, as a matter of law, that they neither maintained or controlled the vehicle at issue (*see* affirmation of plaintiff's counsel in opposition ¶¶ 7, 9 [NYSCEF Doc. No. 35]).

On October 25, 2024, this court held oral argument on the stenographic record (Nicole Robinson, court reporter).

> "On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Here, it is undisputed that defendant Bu Cui was the operator of the vehicle bearing NYS license plate number T796373C. Paragraph 36 of the complaint alleges that defendant Bu Cui operated the vehicle bearing New York State license plate number T796373C (*see* NYSCEF Doc. No. 1), and defendant Bu Cui did not specifically deny the allegation contained in paragraph 36 (*see* NYSCEF Doc. No. 9). Meanwhile, the NYCTA and MTA submitted the title record of the vehicle, which indicates that the owner of a 2018 grey Honda bearing plate number T796373C is "Cui, Bu" (*see* plaintiff's exhibit A in support of motion [NYSCEF Doc. No. 25).[1]

As the Transit Defendants correctly point out, they cannot be held vicariously liable for the motor collision under Vehicle and Traffic Law § 388, because the unrefuted evidence establishes that they were not owners of vehicle operated by defendant Bu

---

[1] The DMV registration plate record indicates that "Cui, Bu" was the prior owner of the vehicle, when it was registered under plate JAB8361, which had been surrendered on 4/10/21 (*see* plaintiff's exhibit A in support of motion).

**158367/2022 CARTER, SUZANNE vs. CUI, BU ET AL** Page 2 of 5
**Motion No. 001**

Cui. Plaintiff fails to raise a triable issue of fact as to whether they were the owners of that vehicle.

Thus, so much of the complaint that alleges that the Transit Defendants are liable by reason of their alleged ownership of the vehicle is dismissed.

According to Roberts, "the owner/operator of said vehicle was never, including on February 11, 2022, in the control of [,] or agents, employees, or servants of NYCTA or ACCESS [Access-A-Ride]" (Roberts aff). Because Roberts has not been deposed, and because it is unclear whether Roberts' knowledge is based on personal knowledge or a review of records, summary judgment dismissing so much of the complaint that alleges that the Transit Defendants are liable by reason of their alleged operation of the vehicle is denied as premature.

In any event, the analysis does not end there. The Transit Defendants' liability was not solely premised on their alleged ownership and operation of the vehicle, but rather also based on the Transit Defendants' alleged nondelegable duty as providers of paratransit services.

As discussed above, Roberts avers that "BU CUI was never affiliated, contracted, retained by, or provided transportation services for NYCTA or ACCESS" (Roberts aff [NYSCEF Doc. No. 26]). However, plaintiff raised an issue of fact as to whether the vehicle which defendant Bu Cui operated was providing paratransit transit services as an Access-A-Ride vehicle. A screenshot purportedly taken from plaintiff's cell phone confirmed an AAR [Access-A-Ride] reservation for a "Gray Honda" (*see* plaintiff's Exhibit B in opposition [NYSCEF Doc. No. 39]). Viewing the facts in the light most favorable to plaintiff, the nonmovant, there is a disputed issue of fact as to whether Cui's vehicle was an Access-A-Ride vehicle.

Whether the Transit Defendants can be granted, as a matter of law, summary judgment dismissing the complaint based on their capacity as the alleged administrators of the Access-A-Ride program is premature. Roberts states, in relevant part, "ACCESS-A-RIDE (hereinafter "ACCESS") is a Paratransit Service administered by Defendant NEW YORK CITY TRANSIT AUTHORITY which connects eligible customers with disabilities or health conditions to private parties or corporations that are willing to provide public transportation services for lower fees and that provides supplemental funding for such service" (Roberts aff [NYSCEF Doc. No. 26]).[2]

At oral argument, plaintiff's counsel argued that the Transit Defendants could be held liable under a theory of "negligent dispatching," which was pleaded in the complaint (*see* complaint ¶ 87). This court expressed much skepticism that the Transit

---

[2] The contentions of the Transit Defendants' counsel about the operation of the Access-A-Ride program (*see* affirmation of the Transit Defendants' counsel in support of motion ¶ 21 [NYSCEF Doc. No. 23]) have no evidentiary value, as they do not purport to be based on personal knowledge of the facts (*New York Community Bank v Bank of Am., N.A.*, 169 AD3d 35, 38 [1st Dept 2019]).

**158367/2022   CARTER, SUZANNE vs. CUI, BU ET AL**
**Motion No. 001**

Page 3 of 5

Defendants could owe a duty of care to plaintiff arising out of any contractual obligations between the Transit Defendants and their participating Access-A-Ride vendors (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). In addition, generally speaking,

> "'a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work. There are exceptions to this rule. A principal can be held vicariously liable for the acts of an independent contractor if '[it] is negligent in selecting, instructing or supervising the independent contractor; where the independent contractor is hired to do work which is 'inherently dangerous'; and where the [principal] bears a specific, non-delegable duty'" (*Adams v Hilton Hotels, Inc.*, 13 AD3d 175, 177 [1st Dept 2004] [internal citations omitted]).

Nevertheless, plaintiff's counsel argued that a provider mandated under federal law to provide paratransit services should be held vicariously liable for the negligence of its vendors, even if the providers themselves were not the direct provider of paratransit services (i.e., the entity that either owned the paratransit vehicle, or employed the individual who operated the paratransit vehicle).

On the record before this court, the Transit Defendants' submissions were insufficient for this court to determine, as a matter of law, whether the Transit Defendants could owe a duty of care to plaintiff as an Access-A-Ride user solely in their capacity as administrators of the Access-A-Ride program, or if they fell within the exceptions discussed above. In the court decisions which the Transit Defendants submitted (*see* Transit Defendants' Exhibit C in support of motion [NYSCEF Doc. No. 27]), the lower courts granted summary judgment in the Transit Defendants' favor solely on the basis that they could not be held vicariously liable under Vehicle and Traffic Law § 388, and that they were not the employer of the driver of the vehicle. There are apparently no reported New York appellate decisions on the issue,[3] and this court would welcome the guidance of appellate courts.

In this court's view, much more information is needed about the Access-A-Ride program, the Transit Defendants' roles in Access-A-Ride program, and the relationship, if any, to the participating Access-A-Ride vendors to decide, as a matter of law, the issue of the Transit Defendants' purported liability as administrators of the Access-A-Ride program.

---

[3] In *Waluyn v Access-A-Ride* (229 AD3d 838, 840 [2d Dept 2024]), the Appellate Division, Second Department affirmed denial of a motion to dismiss the complaint as against, among others, the NYCTA, reasoning that the allegations of an employer-employee and/or principal-agency relationship between the NYCTA and the owner and operator of the vehicle were sufficient to survive a prediscovery motion to dismiss.

Moreover, as plaintiff points out, because the Transit Defendants have not been deposed, and the information about the operation of the Access-A-Ride program is exclusively within the knowledge or control of the Transit Defendants, this court concludes that summary judgment dismissing the complaint in its entirety against the Transit Defendants at this stage would be premature (CPLR 3212 [f]; *see Curry v Hundreds of Hats, Inc.*, 146 AD3d 593, 594 [1st Dept 2017] [plaintiff, a background actress, was entitled to complete discovery in her effort to establish the precise relationships among the various entities and their relationships to the director and producer of the movie]).

The prior decision and order is recalled and vacated, as it contained an incorrect year for the date of scheduled preliminary conference.

20241029154451RTSAI7501122D9B114D44B6C5F4D4CAB34700

| 10/29/2024 | | | | RICHARD TSAI, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158367/2022  CARTER, SUZANNE vs. CUI, BU ET AL**
**Motion No. 001**

Page 5 of 5

5 of 5