| **de Alcantara v FANUC Ltd.** |
| 2024 NY Slip Op 34524(U) |
| December 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153424/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
| | *Justice* | | |

-------------------------------------------------------------------X

NIDIA LORA DE ALCANTARA, RICARDO ALCANTARA,

                               Plaintiff,

                - v -

FANUC LTD., FANUC CORPORATION, FANUC AMERICA
CORPORATION, FANUC ROBOTICS CORPORATION,
FANUC EDM CORPORATION, METHODS MACHINE
TOOLS, INC.,FARMINGTON MACHINE TOOLS, LLC

                             Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153424/2020 |
| MOTION DATE | 12/02/2023 |
| MOTION SEQ. NO. | 2 |

**AMENDED DECISION + ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72

were read on this motion to/for           SUMMARY JUDGMENT (AFTER JOINDER)  .

Upon the foregoing documents, and after oral argument, which took place on October 3, 2023, where Marissa D. Geyer, Esq. appeared on behalf of the plaintiffs, Nidia Lora de Alcantara and Ricardo Alcantara, Yelena Graves, Esq. appeared on behalf of Defendant, FANUC America Corporation ("FAC"), and Anthony Bianchi, Esq. appeared on behalf of Defendant, Methods Machine Tools Inc., FAC's motion for an order for summary judgment dismissing all claims and cross-claims against it, is denied, without prejudice, with leave to renew upon completion of further discovery.

This Decision amends and supersedes this Court's prior Decision and Order dated April 1, 2024 (NYSCEF Doc. 73). The purpose of the amended decision is to clarify, at the request of the parties (*see* NYSCEF Doc. 91) that the denial of the motion is without prejudice, with leave to renew upon completion of further discovery, and to provide a date for a preliminary conference to be held.

**153424/2020 LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL**
**Motion No. 002**

**Page 1 of 6**

1 of 6

## Background

In this product liability action, Nidia Lora de Alcantara alleges that she was injured at work on April 28, 2017, while operating a FANUC Robodrill at Putnam Precision Products, Inc. ("Putnam") (NYSCEF Docs. 39, 48). Ms. Alcantara's husband, Ricardo Alcantara (Mr. and Ms. Alcantara, collectively "Plaintiff") brought a derivative cause of action for damages.

In the first cause of action, Plaintiff claims that all Defendants are strictly liable because the FANUC Robodrill was "dangerous and defective" in its design and manufacture and contained inadequate warnings (NYSCEF Doc. 1).

The second cause of action alleges negligence on the part of all Defendants in that the injuries "were caused solely through the fault, negligence and culpable conduct" of the Defendants (NYSCEF Doc. 1). The Complaint did not allege any separate basis for negligence other than the defective design, manufacturing, and warnings. The third cause of action alleges breach of "all warranties" made in connection with the Fanuc Robodrill (NYSCEF Doc. 1).

Plaintiffs also named FANUC Ltd., FANUC Corporation, FANUC Robotics Corporation, and FANUC EDM Corporation as Defendants, but never served these entities.

## Parties' Contentions

FAC seeks summary judgment dismissing the complaint and cross-claim of Methods Machine Tools, Inc. ("Methods") for common law indemnification and contribution because it was not in the chain of distribution of the Robodrill involved in the accident. FAC asserts that it did not design, manufacture, purchase, distribute, supply, sell or service the subject Robodrill and, as such, cannot be held liable under theories of strict products liability or breach of warranties as a matter of law (NYSCEF Docs. 38, 39, 49).

In opposition, Methods claims that the motion should be denied in its entirety pursuant to CPLR § 3212(f), without leave to renew, since the motion is premature due to substantial, material and necessary outstanding discovery, including responses to Plaintiff's Notice for

153424/2020 LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL
Page 2 of 6
Motion No. 002

2 of 6

Discovery and Inspection and Interrogatories dated September 2, 2022, and depositions of all parties and non-party witnesses (NYSCEF Doc. 53).

Additionally, per the Preliminary Conference Order of this Court dated September 1, 2022, FAC was to produce a witness for a deposition on January 19, 2023. Instead, FAC submitted only the Affidavit of its Vice President. Methods argues that the outstanding discovery must be completed prior to FAC seeking summary judgment since issues raised in the instant motion require information that is within the exclusive knowledge or possession of other parties.

Methods also points to an online press release, dated December 17, 2013, on Defendant FAC's website announcing that FANUC had merged all of its operations in the Americas into a single company named FANUC America Corporation (NYSCEF Doc. 59). Therefore, further discovery is needed to explore whether FANUC FA America Corporation is another name for, or a predecessor company to, FAC which would place FAC in the chain of distribution (NYSCEF Doc. 53).

Methods seeks additional facts through discovery, including whether FAC, as the successor entity of FANUC Robotics Corporation and/or FANUC EDM Corporation, can be found to have distributed, supplied, sold and/or serviced Robodrills prior to Plaintiff's accident.

Method asserts that questions of fact exist as to the functional unity and control between FAC and Fanuc Corporation f/k/a/ Fanuc Ltd. and that discovery is needed to explore any control, supervision and/or management that FAC may have exercised over the operations of FANUC Corp. in the Americas prior to the accident, or whether a principal/agent relationship existed (NYSCEF Doc. 53).

**Standard**

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985];

153424/2020 LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL
Motion No. 002
Page 3 of 6

[* 3]
3 of 6

*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make a *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Id.*) The moving party's "burden is a heavy one" and the "facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez* at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978]). Mere conclusions, speculation, or unsubstantiated assertions are insufficient to defeat a motion for summary judgment (*Zuckerman* at 562; *Butler-Francis v New York City Hous. Auth.*, 38 AD3d 433, 434 [1st Dept 2007]).

## Discussion

CPLR § 3212(f) permits denial of a summary judgment motion as premature, and the nonmovant to have further discovery, when it appears that "facts essential to justify opposition may exist but cannot then be stated" (*Sapp v S.J.C. 308 Lenox Ave. Family Ltd. Partnership*, 150 AD3d 525, 527 [1st Dept 2016]).

To avail oneself of CPLR § 3212(f), a party must demonstrate that the needed proof is within the exclusive knowledge of the moving party, that the claims in opposition are supported by something other than mere hope or conjecture, and that the party has at least made some attempt to discover facts at variance with the moving party's proof (*Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [1st Dept 2007] [internal citations omitted]). A grant of summary judgment cannot be avoided by a claimed need for discovery

153424/2020   LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL          Page 4 of 6
Motion No. 002

4 of 6

unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (*Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [1st Dept 2000]).

It is clear, however, that a party should be permitted a reasonable opportunity for disclosure prior to the determination of a summary judgment motion (*Boyer v New York Prop. Ins. Underwriters Ass'n*, 90 AD2d 737, 738 [1st Dept 1982]). In light of the incomplete state of discovery, including the fact that no party has yet been deposed, the summary judgment motion is premature (*Wilson v Yemen Realty Corp.*, 74 AD3d 544, 545 [1st Dept 2010]). Plaintiff is entitled to complete discovery in their effort to establish the precise relationships among the various FANUC entities and their relationship to FAC. Significantly, this information is solely within the control of defendants (*Curry v Hundreds of Hats, Inc.*, 146 AD3d 593, 594 [1st Dept 2017]).

Accordingly, it is

**ORDERED** that Defendant FANUC America Corp.'s motion for an order for summary judgment dismissing all claims and cross-claims against it, is denied, without prejudice, with leave to renew upon the completion of further discovery; and it is further

**ORDERED** that on or before January 31, 2025, the active parties shall submit a proposed preliminary conference order via e-mail to SFC-Part33 @nycourts.gov. If the parties are unable to agree to a proposed preliminary conference order, the parties are directed to appear for an in-person preliminary conference on February 5, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

*[The remainder of this page is intentionally left blank.]*

**153424/2020   LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL**
Motion No.  002

**Page 5 of 6**

5 of 6

**ORDERED** that within ten days of entry, counsel for Defendant FANUC America Corp.

shall serve a copy of this Decision and Order with notice of entry on all parties to this action; and

it is further

This constitutes the Amended Decision and Order of the court.

| 12/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON/ MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | | **X** GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |

153424/2020  LORA DE ALCANTARA, NIDIA ET AL vs. FANUC LTD. ET AL          Page 6 of 6
Motion No.  002

6 of 6