| **Kelly v New York City Tr. Auth.** |
|:---:|
| 2026 NY Slip Op 31034(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159628/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD A. TSAI**                   PART                    21

                                        *Justice*

-------------------------------------------------------------------------------X

TAJI KELLY,                                             INDEX NO.          159628/2024

                              Plaintiff,               MOTION DATE        09/25/2025

            - v -                                      MOTION SEQ. NO.        001

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MTA/NEW YORK CITY TRANSIT, ACCESS-A-RIDE,               **DECISION + ORDER ON**
POULAT ALAYEV, 2382 WALKER HOLDINGS LLC,JOHN                   **MOTION**
DOE NAME OF OPERATOR OF THE VEHICLE
UNKNOWN, OLIVIA FELIPE,

                              Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 14, 23-39

were read on this motion to/for                        JUDGMENT - SUMMARY          .


Upon the foregoing documents, it is **ORDERED** that the motion to dismiss and for
summary judgment by defendants New York City Transit Authority, Metropolitan
Transportation Authority, New York City Transit Authority s/h/a MTA/New York City
Transit and New York City Transit Authority s/h/a Access-A-Ride (collectively, the
Transit Defendants) is **GRANTED IN PART TO THE EXTENT THAT** summary
judgment is granted dismissing so much of the complaint that alleges negligence
against the Transit Defendants based on ownership of a motor vehicle bearing NYS
license plate number T108897C, and the motion is otherwise denied, with leave to
renew the motion for summary judgment after the completion of the deposition of a
representative for the New York City Transit Authority with knowledge of the Access-A-
Ride program, so long as the motion for summary judgment is made within 120 days
after the filing of the note of issue.

        The complaint alleges, among other things, that, on March 2, 2024, plaintiff was
a passenger in an Access-A-Ride vehicle bearing NYS license plate number T108897C,
allegedly operated by defendant Poulat Alayev or by defendant "John Doe" with
Alayev's consent (*see* NYSCEF Doc. No. 14, second amended complaint ¶¶ 25-26, 29,
92).  Alayev's vehicle was allegedly involved in a collision with another vehicle at or
near West Street, near its exit to Chambers Street and the intersection of Watts Street
in Manhattan, which allegedly resulted in serious injuries to plaintiff (*id.* ¶¶ 96, 97, 100).
The other vehicle was allegedly owned by defendant 2382 Walker Holdings LLC and
allegedly operated by defendant Olivia Felipe (*id.* ¶ 96).

[* 1]

Pursuant to CPLR 3211 and 3212, the Transit Defendants now move to dismiss the complaint and for summary judgment dismissing the complaint as against them, on the ground that they did not own the vehicle bearing NYS license plate T108897C, and that they did not employ Poulat Alayev (affirmation of Transit Defendants counsel in support of motion ¶¶ 4-25 [NYSCEF Doc. No. 25]). Additionally, the Transit Defendants contend that defendant Metropolitan Transportation Authority (MTA) is not liable as a matter of law because its functions with respect to public transportation are limited to financing and planning, and that it is not vicariously liable for the torts of its subsidiaries (*id.* ¶ 26 [NYSCEF Doc. No. 25]). Plaintiff opposes the motion.

As a threshold matter, the branch of the Transit Defendants' motion to dismiss is denied. The Transit Defendants did not specify the specific grounds for dismissal pursuant to CPLR 3211, and the Transit Defendants submitted evidentiary material and an affirmation in support of their motion, which cannot be considered on a motion to dismiss pursuant to CPLR 3211 (a) (7).

> "To prevail on a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that demonstrates the absence of any material issues of fact. Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial. All facts are viewed in the light most favorable to the non-moving party" (*Nellenback v Madison County*, 44 NY3d 329, 334 [2025] [internal citations omitted]).

In support of their motion, the Transit Defendants submit a DMV vehicle registration record, which indicates that the current owner and previous owner of the vehicle bearing NYS plate number T108897C is Poulat Alayev (*see* Exhibit A in support of motion [NYSCEF Doc. No. 26]). They also submit an affirmation from Benoit Dupuy, a General Superintendent at the New York City Transit Authority (*see* Exhibit B in support of motion, Dupuy affirm. [NYSCEF Doc. No. 27]).

Dupuy states, "The Access-A-Ride program is a Paratransit Service administered by Defendant NYCTA which connects eligible customers with disabilities or health conditions to private parties or corporations that are willing to provide public transportation services for lower fees and that provides supplemental funding for such services." (Dupuy affirm. ¶ 3). According to Dupy, Poulat Alayev and "John Doe" "were never affiliated, contracted, or retained by the NYCTA or the Access-A-Ride program (*id.* ¶ 9). Neither were they "in the control of or an agent, employees, or servants of NYCTA or the Access-A-Ride program" (*id.* ¶ 10).

In opposition, plaintiff argues that

> "because the vehicle at issue was part of the Access-A-Ride program, which is administered by Defendants, there is an issue of fact as to

[* 2]

whether or not Defendants assumed any liability which cannot be determined based solely on the ownership or operation of the vehicle. Therefore, more information is needed to be ascertained as to the role of Defendants in the Access-A-Ride program, if any, and the regulatory framework that governs such program" (*Miles-Forde v Green Line Taxi Inc.*, 2023 NY Slip Op 34208[U] [Sup Ct, Kings County 2023]).

As the Transit Defendants correctly point out, they cannot be held vicariously liable for the motor collision under Vehicle and Traffic Law § 388, because the unrefuted evidence establishes that they were not owners of the vehicle in which plaintiff was a passenger. Plaintiff fails to raise a triable issue of fact as to whether the Transit Defendants were owners of that vehicle.

Thus, so much of the complaint alleges that the Transit Defendants are liable by reason of their alleged ownership of the vehicle in which plaintiff was a passenger is dismissed.

However, the analysis does not end there. Plaintiff's theory of liability against the Transit Defendants is not solely premised on their alleged ownership of the vehicle, but rather also based on the Transit Defendants' alleged role as a provider of paratransit services.[1]

Whether the Transit Defendants can be granted, as a matter of law, summary judgment dismissing the complaint based on the NYCTA's role as the administrator of the Access-A-Ride program is premature.

Generally speaking,

"'a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work. There are exceptions to this rule. A principal can be held vicariously liable for the acts of an independent contractor if '[it] is negligent in selecting, instructing or supervising the independent contractor; where the independent contractor is hired to do work which is 'inherently dangerous'; and where the [principal] bears a specific, non-delegable duty'" (*Adams v Hilton Hotels, Inc.*, 13 AD3d 175, 177 [1st Dept 2004] [internal citations omitted]).

On the record before this court, the Transit Defendants' submissions were insufficient for this court to determine, as a matter of law, whether the Transit Defendants could owe a duty of care to plaintiff as an Access-A-Ride user solely in their

---

[1] Thus, the cases where this court granted summary judgment dismissing the complaint based solely on the lack of ownership of the vehicle are inapposite, as the plaintiffs in those cases did not oppose the motion for summary judgment based on the additional theory of liability asserted here.

[* 3]

capacity as an administrator of the Access-A-Ride program, or if the Transit Defendants fell within the exceptions discussed above.

There are apparently no reported New York appellate decisions on the issue,[2] and this court would welcome the guidance of appellate courts.

Although the Transit Defendants submitted various lower court cases dismissing the complaint as against them based solely on the fact that they did not own the vehicle or employ the driver involved in the motor vehicle collision (*see* Exhibit C in support of motion [NYSCEF Doc. No. 28]), plaintiff points out that other lower courts have similarly ruled, "more information is needed about the Access-A-Ride program, the role of defendants in the Access-A-Ride program, if any, and the regulatory framework that governs such paratransit services" (*Roberts v New York City Tr. Auth.*, 2017 WL 1952630 [Sup Ct, Queens County 2017]; *Staples v New York City Tr. Auth.*, 2020 WL 4391650 [Sup Ct, NY County 2020] [citing *Roberts*]).

In this court's view, much more information is needed about the Access-A-Ride program, the Transit Defendants' roles, if any, and the relationship, if any, to the participating Access-A-Ride vendors to decide, as a matter of law, the issue of the Transit Defendants' purported liability as administrator of the Access-A-Ride program.

Moreover, as plaintiff points out, because the Transit Defendants have not been deposed, and the information about the operation of the Access-A-Ride program is exclusively within the knowledge or control of the Transit Defendants, this court concludes that summary judgment dismissing the complaint in its entirety against the Transit Defendants at this stage would be premature (CPLR 3212 [f]; *see Curry v Hundreds of Hats, Inc.*, 146 AD3d 593, 594 [1st Dept 2017] [plaintiff, a background actress, was entitled to complete discovery in her effort to establish the precise relationships among the various entities and their relationships to the director and producer of the movie]).

Assuming, for the sake of argument that plaintiff was a passenger in a vehicle that was part of providing paratransit services under the Access-A-Ride program, it remains an open question whether the Transit Defendants could ever be held vicariously liable for the operator's negligence if they were not the owner of a vehicle.

As the Transit Defendants point out, appellate courts have held that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public

---

[2] In *Waluyn v Access-A-Ride* (229 AD3d 838, 840 [2d Dept 2024]), the Appellate Division, Second Department affirmed denial of a motion to dismiss the complaint as against, among others, the NYCTA, reasoning that the allegations of an employer-employee and/or principal-agency relationship between the NYCTA and the owner and operator of the vehicle were sufficient to survive a prediscovery motion to dismiss.

transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]). However, these appellate cases did not involve the Access-A-Ride program but rather involved subway stations and public buses that were not part of the Access-A-Ride program. Although some lower court cases have applied that holding to vehicles involving the Access-A-Ride program, this court declines to do so, absent evidence that would establish that the MTA has no involvement at all with the Access-A-Ride program.

Summary judgment dismissing so much of the complaint that asserts that the Transit Defendants are liable under principles of respondeat superior is denied. While Dupuy can determine from a records search as to whether Poulat Alayev was an employee or agent of the NYCTA or affiliated with the Access-A-Ride program, plaintiff is not required to accept the Transit Defendants' assertion as true; plaintiff is entitled to a deposition to test that representation (*see V. K. v R.C. Archdiocese of New York*, 245 AD3d 438, 440 [1st Dept 2026]). Plaintiff should also be permitted to explore how Dupuy determined that the fictitiously named "John Doe" driver was not an employee or agent of the Transit Defendants, absent any indication in the record as to the driver's actual identity.

ENTER:

20260318165831RTSAIB982F5F8201943C587536B1AD98F48B0

3/18/2026
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

159628/2024   KELLY, TAJI TOKI vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 5 of 5
Motion No.  001

5 of 5

[* 5]